Tbe opinion of tbe Court was delivered by
WhitNek, J.
Embarrassing questions have arisen under tbe recent Act “to alter and amend tbe Judiciary System of the State,” among which is tbe one here presented.
Tbe Legislature in changing tbe time for bolding certain Courts in tbe Eastern Circuit, failed to provide, in express terms, for that class of cases and business then in transitu, an omission not to be found I think in any preceding legislation of like kind. Here we have a writ issued and served, notifying tbe party to appear on a day named, to wit: tbe day fixed by law for bolding tbe Court at Williamsburg, when it turns out by Act of tbe Legislature, tbe day for bolding that Court is changed and to an earlier day, without any accompanying provision making valid such writs and service as for tbe day substituted. In tbe case before us we are admonished that tbe validity of tbe service may involve much more than a mere question as to time, tbe party defendant being held to bail, perhaps transient, and therefore, perhaps, putting in jeopardy tbe plaintiffs’ demand. Tbe difficulty of reaching by implication what was tbe true purpose of tbe Legislature is not a little increased by tbe fact, that in another section of tbe same Act, provision is made for writs and process returnable in another district, in a different circuit, and where a like change is made in tbe term.
It is not without hesitation this Court has determined to *379 reverse the order on Circuit which set aside the service of the writ in question.
In this effort to reach' by judicial construction what alone could be regarded as the object, we hope to escape the imputation of invading the province of the Legislature. No department would hail with greater delight legislative enactments so plainly written out “ that the wayfaring man though a fool need not err therein.”
In all constructions of statutes, the intention of the Legislature is justly regarded as the starting point, and to this end many rules have been established to aid and guide the discretion of Courts. "When the meaning is satisfactorily ascertained, of course the duty of the Court is to carry it out, unless restrained by the Constitution or some great principle, universally conceded, underlying or over-riding the Act itself. The cause of making the statute is often a legitimate mean to limit or enlarge its effect. The sole purpose in the matter now béfore us was to substitute one week for another, as to the Court “ hereafter to he held" for Williamsburg District. We may safely assume that no other change was made in the existing law, than such as this change plainly and necessarily carried with it.
When this writ was issued and served, no doubt is entertained it was in conformity with law — the service was good —was it avoided by Act of Assembly, 1856 ? Not in terms, nor can it be imagined such was the purpose of the Legis- ■ lature.
Statutes should be construed so as to operate in futuro, unless a retro-active effect be clearly intended. It is a general rule that no statute shall be construed to have a retrospective operation without express words to that effect. 7 Bac. Abr. Statute, c. Nor does the law favor a repeal by implication, it never being allowed unless the repugnancy be plain. 2 B. & A. 149; 15 East, 372. But these are familiar principles *380 tbat call for no authorities to sustain them — the question is do they reach the case.
When this action was commenced rights attached, and it is clear upon principle, that the relation of litigant parties should not be varied without some clearly expressed purpose. A remedy may be lost by the bar of the Statute, which would be otherwise avoided. Pecognizances entered into as well as bail bonds may share an indiscriminate fate. Judgments and decrees, founded on what is thus ascertained to be an insufficient service, all follow in the train to the upturning of much now regarded as settled.
This is not the case of an inchoate writ, lodged before the Act, and served after its ratification. It had performed its office, and the party was properly notified to attend on the day named, which was then the proper day.
If the Court had been abolished, doubtless the writ must have fallen, in the silence of the Act to provide. But instead, when the party is thus properly called to attend at the' next regular term, the Legislature steps in and informs him, by public Act, of which he is bound to take notice, that the term of the Court has been assigned to another day. The Act well advertises those having business properly appertaining to the next term at the time of its ratification, that they are required and expected to attend on the new day assigned. Hence cases on the docket at the previous term, though adjourned over to one day, could be properly taken up and disposed of on the day substituted. Process issued and served were doubtless found on the docket, and decrees rendered by the Court.. Upon the same principle writs and process issued after the Act, must conform to the new requirement, even although the very day after the ratification, all being presumed to know the law. Process issued before and served after would present a more complicated question than the one before the Court. As to such it would have been less clear that the party suing out the writ was without default, or the *381 party sued bound to appear at a different day from that he was thus called on to appear. To avoid these vexed questions1 it was manifestly proper on the part of the Circuit Judge to decline a call of jurors. Independently of other obstacles presented as to venires not legalized by the Act, it would have been found beyond all question that some had been served before and many after the passage of the Act, and every thing dependent thereon would have been involved in interminable confusion.
The motion to reverse the order made on Circuit setting aside the service of this writ, is granted.
O’Neall and Moteo, JJ., concurred.
G-lovee, J., dissented.

Motion granted.